IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| Marlon Lee Comes, | ) | |
| | ) | |
| Petitioner, | ) | **ORDER ADOPTING REPORT AND** |
| | ) | **RECOMMENDATION** |
| vs. | ) | |
| | ) | Civil Case No.  2:05-cv-77 |
| Susan Hastings, Warden United States | ) | |
| Penitentiary and Wayne Stenehjem, North | ) | |
| Dakota Attorney General | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Before this Court is Petitioner Marlon Lee Comes's petition for habeas corpus relief under 28 U.S.C. § 2254 (Doc. #1) and a motion for appointment of counsel (Doc. #4) should such a petition be granted.

In July 1996, Petitioner Comes pled guilty to the robbery and murder of a convenience store clerk.  Although Petitioner was fifteen years old at the time of his arrest, his case was transferred to adult court.  He was sentenced to life imprisonment with the possibility of parole.  Petitioner filed a pro se motion for post-conviction relief, arguing ineffective assistance of counsel.  The state district court  appointed attorney William Hartl to represent Petitioner.  After a hearing on the matter, the court denied Petitioner's motion.  Petitioner appealed to the North Dakota Supreme Court, who on July 20, 2000,summarily affirmed the denial of his petition for post-trial relief.  See Comes v. State, 618 N.W.2d 724 (N.D. 2000).

On November 11, 2004, some time after the North Dakota Supreme Court's affirmation of the district court's ruling, Petitioner wrote Hartl, asking why a federal habeas remedy had not been pursued.  Hartl replied that his representation lasted only until the North Dakota Supreme Court made its ruling.  On May 25, 2005, Petitioner filed a § 2254 habeas petition with this Court.  In this petition, Comes raises the arguments of ineffective assistance of counsel, conflict of interest, and

actual innocence.

From the outset, the Court notes that Magistrate Judge Klein is correct in observing that a habeas petitioner has "neither a constitutional nor statutory right to counsel in habeas proceedings; instead it is committed to the discretion of the trial court." McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997) (citations omitted). In deciding whether to appoint counsel, this Court is to consider the factual and legal complexity of the case, as well as petitioner's ability to articulate and investigate his claims without counsel. Id. This Court concurs with Magistrate Judge Klein that Comes's petition does not raise complex legal and factual issues that would necessitate the appointment of counsel. Further, Petitioner has demonstrated a threshold ability to investigate and articulate his claims. Given this, the Court adopts Magistrate Judge Klein's recommendation as to this point and  the motion for appointment of counsel is therefore **DENIED**.

The Court now turns to the Petitioner's underlying claim. The Antiterrorism and Effect Death Penalty Act ("AEDPA") governs § 2254 petitions for habeas corpus relief. Section 2244(d) establishes a one-year statute of limitations for the filing of federal habeas petitions. The one-year statute of limitations starts to run on the latest of several dates enumerated in 2244(d). Here, the applicable one is 2244(d)(1)(A) which reads that the date shall begin to run on "(A) the date on which the judgment became final by the conclusion of direct or the expiration of the time for seeking such review." Under this subsection the statute of limitations begins to run at either:

> (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceeding before the United States  Supreme Court, or
>
> (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999). However, this time is subject to a tolling provision withing AEDPA, which states "the time during which a properly filed application for State post conviction or other collateral review...is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The North Dakota Supreme Court's affirmed the denial of Petitioner's motion for post conviction relief on July 20, 2000. Comes has not undertaken any other action from this date until the time he wrote to Hartl in November of 2004 and his filing of habeas relief in May 2005. The Court is therefore not aware of any action that would serve to toll the statute of limitations. The Court thus finds that Magistrate Judge Klein was correct that Comes's petition is time-barred. The Court adopts the Magistrate Judge's Report and Recommendation in its entirety and Comes's petition is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

Dated this 15th day of July, 2006.

   /s/ Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court